J-S09018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELIJAH MOORER, JR. | |
| Appellant | No. 742 MDA 2015 |

Appeal from the Judgment of Sentence March 31, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000532-2013

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 10, 2016**

Elijah Moorer, Jr. appeals from the judgment of sentence imposed by the Court of Common Pleas of Centre County following his guilty pleas to thirty-seven counts involving delivery of controlled substances, possession of firearms and related offenses.  The charges arose out of Moorer's possession and delivery of drugs between March 2011 and November 2012.  Moorer's counsel also seeks to withdraw pursuant to the dictates of ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  Upon review, we grant counsel's petition to withdraw and affirm Moorer's judgment of sentence.

On March 13, 2014, the trial court imposed 19 consecutive sentences totaling 36 to 72 years' incarceration for delivery of controlled substances,

35 P.S. § 780-113(a)(30). The court imposed concurrent sentences for the remaining convictions, including: Count 20 (possession with intent to deliver (PWID)) - 5 to 10 years' incarceration plus a $30,000.00 fine; Count 21 (PWID) - 3 to 6 years' incarceration plus a $10,000.00 fine; Count 23 (conspiracy, 18 Pa.C.S. § 903) – 5 to 10 years' incarceration; and Count 25 (persons not to possess firearms, 18 Pa.C.S. § 6105(A)(1)) – 5 to 10 years' incarceration.

Moorer's counsel filed an untimely post-sentence motion, which the court nevertheless considered and denied at the conclusion of argument on April 11, 2014. Moorer's counsel then filed an appeal, which this Court quashed as untimely on July 11, 2014.

On September 5, 2014, Moorer filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. The court appointed counsel, Lance T. Marshall, Esquire, who filed an amended petition on November 14, 2014, seeking reinstatement of Moorer's appeal rights *nunc pro tunc*. On February 2, 2015, the court granted the motion, but directed Moorer to file a post-sentence motion within ten days. On February 11, 2015, counsel filed a motion to modify sentence in which he averred that Moorer's concurrent sentences for Counts 20, 21 and 25 were illegal because they were imposed pursuant to mandatory minimum provisions that have been determined to be unconstitutional. ***See Alleyne v. United States***, 133 S.Ct. 2151 (2013); ***Commonwealth v. Cardwell***, 105 A.3d 748 (Pa. Super. 2014); ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014).

He further averred that the court erred by listing the offense gravity score for his criminal conspiracy conviction as 10 while it should have been 6, which would make the standard range 21 to 27 months rather than 5 to 10 years.

By order dated March 27, 2015, the trial court granted the motion and vacated Moorer's sentences on Counts 20, 21, 23 and 25. At a hearing on March 31, 2015, the court imposed sentences of incarceration of 18 to 36 months on Counts 20 and 21, and 4 to 8 years on Counts 23 to 25. Because the sentences were ordered to be served concurrently with the consecutive sentences imposed on Counts 1 through 19, the aggregate sentence remained the same as the original sentence imposed on March 13, 2014.

Moorer filed a notice of appeal on April 24, 2015. On May 18, 2015, Attorney Marshall filed: (1) a Pa.R.A.P. Rule 1925(b) statement of errors complained of on appeal containing six issues that Moorer wished to raise; (2) a motion to withdraw as counsel; and (3) a **Turner**/**Finley**[1] letter. In the letter, counsel explained his belief "that this is a post conviction proceeding, as he was appointed after [Moorer] filed a *pro se* PCRA Petition." **Turner**/**Finley** Letter, 5/18/15, at [6].

In response, the trial court issued an order on June 8, 2015, stating its "determin[ation] that Defendant has filed a direct appeal of his sentence."

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

- 3 -

Order, 6/8/15, at [1]. Attorney Marshall then filed a praecipe to withdraw the motion to withdraw as counsel and what he designated as an amended statement of errors complained of on appeal. It was, in fact, a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4). The court filed its Rule 1925(a) opinion on June 17, 2015.

In his **Anders** brief, Attorney Marshall raises the following issues *verbatim* that Moorer wishes to raise on appeal:

1. Did the trial court err in allowing the Commonwealth to amend the information charging the Defendant with possession with intent to distribute less than 1 gram of heroin on 17 counts where [Moorer] did not have knowledge of the alleged criminal conduct prior to the court proceedings and [Moorer] was prejudiced by the amendment? [sic][2]

2. Did the trial court err by violating the Due Process Clause, by allowing the Commonwealth a pass on the sufficiency of information in the indictment as well as the superseding indictment violating [Moorer's] United States Constitutional Rights, 5th, 6th and 14th Amendments as well as the Pennsylvania Constitutional Right Article 1, Section 9? [sic]

3. Did the trial court err by allowing prosecution misconduct when the Commonwealth repeatedly alluding to evidence that the prosecution knew did not exist and deprived the Defendant of a fair trial court proceedings? [sic].

4. Did the trial court err by not dismissing all PWID counts for lack of adequate notice of what the Defendant must defend against especially every element of the crime charged which a grand jury indictment must set forth for any resulting conviction to stand? [sic]

---

[2] All references to "[sic]" in the statement of questions presented are in the original.

5. Did the Commonwealth violate Defendant's constitutional rights when District Attorney Stacy Parks Miller is under investigation for prosecutorial misconduct in this investigation for forging documents involved in this case who also signed all phone intercepts applications and the original indictment information as well brining the whole investigation in to question and an abuse of process? [sic]

6. Did the trial court violate Defendant's constitutional right by sentencing him to possession and delivery charges, where there's no lab reports, no controlled buys, or exploratory evidence as well as no grand jury transcripts of presentment for 17 counts on the indictment information, then imposing an excessive sentence of 36 to 72 years for non-violent crimes? [sic]

Appellant's Brief, at 4-5.

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005). Furthermore, counsel must comply with certain mandates when seeking to withdraw pursuant to **Anders**, **Santiago** and **McClendon**. These mandates are not overly burdensome and have been summarized as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing

counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted).

Here, counsel has provided the facts and procedural history of the case, and avers that, after a thorough review of the record, he finds the appeal to be wholly frivolous, and states his reasons for this conclusion. Counsel provided a copy of the petition and **Anders** brief to Moorer, along with a letter explaining Moorer's right to raise any claims directly with the court *pro se* or to retain private counsel. Accordingly, we find counsel has met the requirements of **Anders**, **Santiago** and **McClendon**.

On September 28, 2015, Moorer filed with this Court a "*Pro Se* Response to Counsel['s] Petition to Withdraw and [sic] **Anders**/**McClendon** Brief Filed by Counsel." In the response, Moorer argues that his guilty plea was invalid and he raises several claims of ineffective assistance of counsel.

With respect to the issues raised in the **Anders** brief, Moorer first argues that the trial court erred by allowing the Commonwealth to amend the information. However, our independent review of the record confirms counsel's position that the Commonwealth did not request an amendment of the information. Accordingly, Moorer is not entitled to relief on this claim.

The second and fourth issues in the **Anders** brief are related, and therefore we address them together. Moorer asserts that his due process rights were violated because the information did not list the quantities of

drugs that he possessed and/or delivered, thereby depriving him of adequate notice of the charges against him.

Pa.R.Crim.P. 560 sets forth the contents of an information:

(B)  The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in the law if it contains:

(1)  a caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania;

(2)  the name of the defendant, or if the defendant is unknown, a description of the defendant;

(3)  the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;

(4)  the county where the offense is alleged to have been committed;

(5)  a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint; and

(6)  a concluding statement that "all of which is against the Act of Assembly and the peace and dignity of the Commonwealth."

Pa.R.Crim.P. 560(B).

The information in this case includes the date and place of each crime Moorer is alleged to have committed along with its essential elements. Contrary to Moorer's position, there is no requirement that the weight of a drug allegedly possessed or delivered be included in the information. Therefore, no relief is due.

The third issue raised in the **Anders** brief is prosecutorial misconduct based on repeated allusions to evidence that the Commonwealth knew did not exist. Moorer does not identify the facts that the Commonwealth knew to be false nor does he identify where, in the record, the allusions to the evidence appear. Our independent review of the transcripts filed in this case confirms counsel's assertion that he could "find no repeatedly alluded to fact that the prosecution knew did not exist." **Anders** Brief, at 16.

Moorer next asserts that his constitutional rights were violated by the prosecutorial misconduct of Centre County District Attorney Stacy Parks Miller. The case against Moorer was prosecuted by the Office of Attorney General, and not by the District Attorney of Centre County. Our review of the record indicates no involvement by the District Attorney in this matter, and accordingly, there is no merit to this issue.

The sixth issue raised in Moorer's **Anders** brief presents two separate issues: a challenge to the sufficiency of the evidence and a challenge to his sentence.

With respect to the sufficiency of the evidence, "[i]t is well established that any issue relating to sufficiency of the evidence is waived by entry of a guilty plea and is not subject to attack in a post conviction proceeding." **Commonwealth v. Rounsley**, 717 A.2d 537, 539 (Pa. Super. 1998). Therefore, Moorer is entitled to no relief on this claim.

Moorer next raises a challenge to the discretionary aspects of his sentence. When the discretionary aspects of a sentence are questioned, an

appeal is not guaranteed as of right. ***Commonwealth v. Moore***, 617 A.2d 8, 11 (Pa. Super. 1992).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

Moorer filed a timely notice of appeal. However, he did not preserve his challenge to the discretionary aspects of his sentence in his post sentence motion or at his resentencing. "Absent such efforts, an objection to a discretionary aspect of sentence is waived." ***Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa. Super. 2013) (citation omitted). Accordingly, we are precluded from considering this claim.

In his *pro se* response to counsel's petition to withdraw and the ***Anders*** brief, Moorer challenges the voluntariness of his guilty plea. However, Moorer is precluded from raising this issue on appeal because he did not object during the plea or file a motion to withdraw within ten days of sentencing. ***See Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) (To preserve issue related to guilty plea, appellant must either

object at sentencing colloquy or otherwise raise issue at sentencing hearing or through post-sentence motion).

Additionally, Moorer raises several claims of ineffective assistance of counsel. In **Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013), our Supreme Court reaffirmed the holding in **Commonwealth v. Grant**, 813 A.2d 716 (Pa. 2002) that "claims of ineffective assistance of counsel are to be deferred to PCRA review . . . and such claims should not be reviewed upon direct appeal." **Holmes**, **supra** at 576. Accordingly, the claims of ineffective assistance of counsel are not properly before us.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2016